IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

CONTINENTAL CASUALTY COMPANY                                                              PLAINTIFF

VS.                            CASE NO. 4:04CV002309 JMM

JEWELL, MOSER, FLECTHER, &
HOLLEMAN, A PROFESSIONAL ASSOCIATION, ET AL.                     DEFENDANTS

ORDER

Pending before the Court are cross-motions for summary judgment by plaintiff and defendants. For the reasons stated below the motion of the plaintiff will be granted and the motion of defendants denied.

The operative facts on which each motion is based are not in dispute. This coverage dispute arises out of the representation by Bobby Keith Moser ("Bobby Moser") of Michael Dewayne Sims with respect to matters involving the Michael Dewayne Sims Family Trust.

The firms with which Moser was associated at the relevant periods were Jewell, Moser, Fletcher & Holleman, a Professional Association ("JMFH") and Moser & Asociates, P.A. ("Moser & Associates").

Continental Casualty Company ("Continental") provided liability coverage to Moser and Associates through JMFH from August 1, 2001 through August 1, 2002 which policy was extended to August 1, 2003 and then cancelled September 1, 2002 ("JMFH Policy"). Beginning on September 1, 2003 Continental insured Bobby Keith Moser under a Lawyer Professional

1

Liability Policy ("Moser Policy").  This coverage extended to September 1, 2004.

Both policies were "claims made and reported" policies which contained the following language:

> THIS IS A CLAIMS MADE AND REPORTED POLICY.  IT APPLIES ONLY TO THOSE CLAIMS THAT ARE BOTH FIRST MADE AGAINST THE INSURED AND REPORTED IN WRITING TO THE COMPANY DURING THE POLICY PERIOD.  PLEASE REVIEW THE POLICY CAREFULLY AND DISCUSS THIS COVERAGE WITH YOUR INSURANCE AGENT OR BROKER.

The policies define a claim as:

> a demand received by the **Insured** for money or services arising out of an act or omission, including personal injury, in the rendering of or failure to render legal services.  A demand shall include the service of suit or the institution of an arbitration proceeding against the **Insured.**

Suit was first filed on March 26, 2003 by Michael Sims and the Family Trust in Lonoke Circuit Court.  Sims alleged that Moser was acting as his lawyer and that Moser committed wrongdoing in failing to provide his client with information regarding sale of the property which comprised the corpus of the trust.  This complaint only sought injunctive relief to obtain information regarding the sale of the property.

The complaint was amended on October 23, 2003 to seek compensatory and punitive damage alleging (1) breach of fiduciary duty; (2) conversion; and (3) recission.  Default judgment was entered on the amended complaint on June 3, 2004.

A criminal information was filed against Bobby Moser in United States District Court for the Eastern Division of Arkansas, Western Division, on August 6, 2004 alleging that Moser defrauded eight unnamed victims from 1996 until 2004.  As part of his agreement to plead guilty to these charges Bobby Moser promised to make restitution to the Sims Family Trust.

Exclusion "A" of the Moser Policy states that the policy does not apply to "[a]ny claim based on or arising out of any dishonest, fraudulent, criminal or malicious act or omission by an Insured except that this exclusion shall not apply to personal injury."

Continental contends that it is entitled to summary judgment on the claims made by Michael Sims and the Family Trust because the claim was made on March 26, 2003 when no coverage was in effect for Moser and Associates under the JMFH policy or Bobby Moser under the Moser Policy. Continental also contends that, even if the claims under the Mosley Policy were timely made, the claims would be excluded under Exclusion "A" of the Moser Policy because it arises out of Bobby Moser's fraudulent conduct.

Defendants, on the other hand, assert that the first claim against Moser was the filing of the amended complaint on October 23, 2003 which would be covered by the Moser Policy and that the criminal act exclusion does not apply to Moser and Associates as the firm is an "Innocent Insured."

The Sims lawsuit was filed on March 26, 2003 and later amended on October 23, 2003 to add as party defendants JMFH. The JMFH Policy was cancelled on September 1, 2002. The Moser Policy did not come into existence until September 1, 2003.

Arkansas courts are clear that in order for a "claims made and reported policy" to apply, the claim must be made in writing and given to the insurer during the policy period. *See Campbell & Co. v. Utica Mut. Ins. Co.*, 36 Ark. App. 143, 146, 820 S.W.2d 284 (1991).

The Court finds the filing of the original complaint on March 26, 2003 amounts to a claim within the meaning of the policy provision. Since this occurred when no coverage was in effect, the claims under the JMFH amd Moser Policies were untimely filed.

3

It is defendants' position that the amended complaint filed on October 23, 2003 which sought damages serves as the first notice of a claim against Moser. They argue that (1) the March 26th complaint cannot be notice of a claim because that complaint did not make a demand for money or services as is necessary under the policy and (2) the October amended complaint was a timely filed claim under the Moser Policy.

While it is true that the March initial action only sought injunctive relief against Bobby Moser, it also included (1) numerous allegations of legal malpractice and wrongdoing on the part of Moser who was alleged to be Michael Sims' attorney; (2) allegations that Moser had breached his duties to Michael Sims; and (3) a mandatory injunction requiring Moser to produce copies of documentation regarding a sale of certain property and a mandatory injunction requiring Moser to surrender all files and trust account funds.

Defendants' argue that the meaning of "services" as used in the definition of a claim in the Moser policy cannot reasonably be interpreted to include a request for production of client files or to refrain from engaging in harmful conduct. The Court disagrees and holds that this language amounts to a demand for services which is included in the definition of a claim under the Moser Policies. *See Fryer v. Boyett*, 64 Ark.App. 7, 978 S.W.2d 304 (1998) (court must construe the "writing in accordance with the plain meaning of the language employed"). Thus, the filing of the initial complaint on March 26, 2003 constituted a "claim" as that term is defined in the Moser Policy.

Because it is undisputed that this date fell outside of any applicable coverage period under either policy, Continental is entitled to summary judgment on the claim against the JMFH and the Moser Policy.

Even if the claim had been timely filed as to the Moser Policy, the Court finds from the undisputed evidence that the claims against Bobby Moser were based on his false and fraudulent conduct which are expressly excluded by Exclusion "A" of the Moser Policy.

Defendants' argument that the Sim's claim is based upon Bobby Moser's negligent breach of his fiduciary duty and not his criminal acts is without merit.  It is undisputed that Bobby Moser illegally converted certain Sims' Trust assets for his own use after he gained control of certain assets by breaching his fiduciary duty.    It is this illegal act upon which Sims brings his claim.

It is undisputed that when Bobby Moser plead  guilty to fraud, he admitted that he owed restitutionary fees to Michael Sims.  This admission triggers the Moser Policy's exclusion of coverage for dishonest, fraudulent and criminal acts.

Finally, the Court agrees with Continental that Moser and Associates does not qualify as an "Innocent Insured" under the Moser policy.    For all intents and purposes, Bobby Moser is Moser and Associates.   He was the only shareholder of the association and he and Sharrock Dermott are the only listed attorneys on the attorney schedule that is part of the Moser Policy. Thus, a law firm cannot be an innocent bystander when its only person of authority is the individual engaging in the complained of fraudulent acts.  *Cf Enviroclean, Inc. v. Arkansas Pollution Control and Ecology Comm'n,* 314 Ark. 98, 858 S.W.2d 116 (1993) (court may disregard the corporate facade when the corporate form has been illegally abused to the injury of a third party).

Continental's motion for summary judgment is granted (#23) and Michael Dewayne Sims cross-motion for summary judgment is denied (#27).  Judgment will be entered accordingly.

IT IS SO ORDERED THIS  11  day of August, 2005.

_____
James M. Moody
United States District Judge